[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
The motion before the court is a motion for summary judgment that turns out, upon inspection, not to be a motion for summary judgment after all. Because of the procedural posture of the case, the motion must be denied.
The plaintiff, James Gargiulo, brought this action in August 1992 against six defendants: the town of East Haven, the East Haven Police Department, and four East Haven police officers. In his revised complaint, Gargiulo claims that the defendant officers physically assaulted him in 1991. The third and fifth counts of the revised complaint are the ones in question here. The third count alleges that the town of East Haven was negligent in its hiring, training, and supervision of the defendant officers. The fifth count makes similar allegations with respect to the East Haven Police Department.
The revised complaint was filed on July 23, 1993. The CT Page 9776 defendants filed their answer on August 3, 1993. The municipal defendants filed the motion for summary; judgment now before the court on June 7, 1996. The motion was argued on November 18, 1996. At argument, counsel disclosed to the court that the case is set for trial on December 16, 1996.
The real problem with the motion is not the proximity of the trial date but the nature of the motion itself. The motion attacks the third and fifth counts of the revised complaint. Although it describes itself as a motion for summary judgment, it is unaccompanied by supporting affidavits or documentation of any kind. The gist of the motion is that the municipal duties in question are discretionary and that the municipality is consequently protected by Conn. Gen. Stat. § 52-557n(a)(2)(B).
P.B. § 380 provides that "[a] motion for summary judgment shall be supported by such documents as may be appropriate." This provision differs significantly from its federal counterpart, Fed.R.Civ.P. 56, which allow parties seeking summary judgment in federal courts to "move with or without supporting affidavits."
Under the federal system, as Professor Moore explains, a motion for summary judgment based solely on the pleadings "is functionally equivalent to a motion to dismiss for failure to state a claim under Rule 12(b)(6), or a motion for judgment on the pleadings under Rule 12(c)." 6 James Wm. Moore, Moore'sFederal Practice ¶ 56.11 [1.-1] (2d ed. 1996). Those "functionally equivalent" federal motions have no exact counterparts in the Connecticut rules of practice. The closest Connecticut analogue is a motion to strike, contesting the legal sufficiency of the allegations of the complaint to state a claim upon which relief may be granted. P.B. § 152(1).
In functional terms, the motion for summary judgment in question here is a motion to strike and should be treated as such. It essentially contends that the third and fifth counts of the revised complaint fail to sufficiently state a claim upon which relief may be granted. This functional posture has both substantive and procedural ramifications.
Substantively, judgment cannot summarily enter for the municipal defendants under these circumstances, even if I agree with their arguments. The whole purpose of a motion for summary judgment is to pierce the pleadings and enter "a judgment in bar CT Page 9777 that results from an application of substantive law to facts that are established beyond reasonable controversy." 6 James Wm. Moore, supra, at ¶ 56.11 [1.-0]. This cannot be done in the absence of accompanying documentation, which is the established mechanism by which facts are to be established in summary judgment cases.
Procedurally, if I were to treat the motion for summary judgment as a motion to strike — which, in essence, it is — two significant problems would arise. In the first place, an answer has already been filed. A motion to strike cannot ordinarily be considered in this situation. P.B. § 112. Second, if a motion to strike were to be granted, the plaintiff would be allowed to replead within fifteen days. P.B. § 157. With the trial date less than a month away, such an order would result in considerable uncertainty and confusion.
No reason has been given as to why the motion in question here could not have been filed at an earlier date. Under the circumstances here, it is more prudent to allow the plaintiff to present his factual case to the jury and subsequently allow the municipal defendants to move for a directed verdict if it seems appropriate to do so.
The motion for summary judgment is denied.
Jon C. Blue Judge of the Superior Court